UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PALETI ANIKESI VENIALE,

                Plaintiff,

v.

SAMUEL STEINER,

                Defendant.

CASE NO. 2:24-CV-1623-JHC-DWC

ORDER DENYING MOTIONS FOR DISCOVERY AND APPOINTED COUNSEL

Currently pending in this action are Plaintiff Paleti Anikesi Veniale's Motions for Discovery and for Appointment of Counsel. Dkts. 13, 14.[1] After consideration of the record, Plaintiff's Motions (Dkts. 13, 14) are denied.

### I.     Motion for Discovery (Dkt. 13)

In his Motion for Discovery, Plaintiff requests the production of body camera footage and statements made by the officers involved in the incident giving rise to this lawsuit. Dkts. 13, 15. Based on the record before the Court, it is not clear if Plaintiff is attempting to serve discovery

---

[1] Plaintiff also filed a motion to amend the complaint, which will not be ready for the Court's consideration until May 11, 2025. *See* Dkt. 18.

ORDER DENYING MOTIONS FOR DISCOVERY
AND APPOINTED COUNSEL - 1

on Defendant or requesting the Court compel discovery responses. Therefore, the Court will discuss both.

First, under Federal Rule of Civil Procedure 34(a)(1), "[a] party may serve on any other party a request . . . to produce[.]" Plaintiff may not serve discovery requests through the Court. *See* Local Rule 5 ("discovery requests and responses must not be filed until they are used in the proceedings or the court orders filing"). Plaintiff must mail discovery requests to Defendant's counsel. As Plaintiff must serve Defendant's counsel with the discovery requests, any request for this Court to serve or produce discovery is denied.

Second, if Plaintiff is requesting an order compelling Defendant to produce discovery, he has not certified that he met and conferred with Defendant's counsel. Pursuant to Federal Rule of Civil Procedure 37(a)(1):

> . . . The motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

*See also* LCR 37(a)(1). "A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference." LCR 37(a)(1). If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. *Id*. Plaintiff has not provided a certification, or any other evidence, showing this is a discovery dispute and that he has attempted to meet and confer with Defendant's counsel regarding the requested discovery. Therefore, any request for an order compelling discovery responses is denied.

For the above stated reasons, Plaintiff's Motion for Discovery (Dkt. 13) is denied.

ORDER DENYING MOTIONS FOR DISCOVERY
AND APPOINTED COUNSEL - 2

## II.     Motion for Court Appointed Counsel (Dkt. 14)

Plaintiff also filed a Motion for Appointment of Counsel. Dkt. 14. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In the Motion for Counsel, Plaintiff states he needs counsel because this case is complex, he has a higher likelihood of success with counsel, and counsel would be better able to investigate this case. Dkt. 14; *see also* Dkt. 16. At this time, Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown he is likely to succeed on the merits of his case or shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. Additionally, Plaintiff is able to clearly articulate his requests in a way that is understandable to the Court. While Plaintiff may be able to better litigate this case with appointed counsel, that fact, alone, does not establish an extraordinary

circumstance warranting the appointment of counsel. *See Rand*, 113 F.3d at 1525; *Wilborn*, 789 F.2d at 1331.Therefore, the Court finds Plaintiff has failed to show the appointment of counsel is appropriate at this time. Accordingly, Plaintiff's Motion for Counsel (Dkt. 14) is denied.

### III. Conclusion

For the above stated reasons, Plaintiff's Motion for Discovery (Dkt. 13) and Motion for Appointment of Counsel (Dkt. 14) are denied.

Dated this 28th day of February, 2025.

David W. Christel
United States Magistrate Judge