UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PALETI ANIKESI VENIALE,

                Plaintiff,

    v.

SAMUEL STEINER,

                Defendant.

CASE NO. 2:24-CV-1623-JHC-DWC

ORDER ON MISCELANEOUS MOTIONS

      Currently pending in this action is Plaintiff Paleti Anikesi Veniale's Motion for Appointment of Counsel and Motion to Amend Complaint. Dkts. 30, 31. Also pending before the Court is Defendant Samuel Steiner's Motion for Summary Judgment. Dkt. 24. After consideration of the relevant record, the Plaintiff's Motion for Counsel (Dkt. 30) is denied and Plaintiff's Motion to Amend (Dkt. 31) is granted. As the Court has granted Plaintiff's Motion to Amend, Defendant Steiner's Motion for Summary Judgment (Dkt. 24) is denied as moot.

      **I.**      **Motion for Counsel (Dkt. 30)**

      As the Court has previously stated, no constitutional right to appointed counsel exists in a § 1983 action. Dkt. 19; *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United*

1  *States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of
2  counsel under this section is discretionary, not mandatory"). However, in "exceptional
3  circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28
4  U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th
5  Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether
6  exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the
7  merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity
8  of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)
9  (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts
10 showing he has an insufficient grasp of his case or the legal issues involved and an inadequate
11 ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*,
12 390 F.3d 1101, 1103 (9th Cir. 2004).

13  In the Motion for Counsel, Plaintiff states he cannot afford a lawyer, he does not
14 understand courtroom rules or the discovery process, and his case would be better articulated
15 with counsel. Dkt. 30. He also states counsel can help him organize his claims against the
16 defendant. *Id*. Plaintiff has not shown, nor does the Court find, this case involves complex facts
17 or law. Plaintiff has also not shown he is likely to succeed on the merits of his case or shown an
18 inability to articulate the factual basis of his claims in a fashion understandable to the Court.
19 Additionally, Plaintiff is able to clearly articulate his requests in a way that is understandable to
20 the Court. While Plaintiff may be able to better litigate this case with appointed counsel, that
21 fact, alone, does not establish an extraordinary circumstance warranting the appointment of
22 counsel. *See Rand*, 113 F.3d at 1525; *Wilborn*, 789 F.2d at 1331.Therefore, the Court finds
23
24

1  Plaintiff has failed to show the appointment of counsel is appropriate at this time. Accordingly,

2  Plaintiff's Motion for Counsel (Dkt. 30) is denied.

3  In the Motion for Counsel, Plaintiff states that he needs counsel to assist with discovery

4  because he is not able to view the video of his arrest, which is the basis of his excessive force

5  claim. *See* Dkt. 30. This does not currently warrant Court-appointed counsel. However, the Court

6  directs Defendant's counsel to meet and confer with Plaintiff regarding Plaintiff's inability to

7  access discovery documents. The parties shall file a status report regarding Plaintiff's discovery

8  concerns no later than May 30, 2025.

9  **II.    Motion to Amend (Dkt. 31)**

10  On April 7, 2025, Plaintiff filed a Motion to Amend. Dkt. 31. Plaintiff seeks to add two

11  defendants, Kent Police Department and Aaron Rainkin, and several claims. Dkt. 31-1.

12  Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

13  (1) ***Amending as a Matter of Course***
14  A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or
15  (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
16

17  (2) ***Other Amendments***
    In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when
18  justice so requires.

19  Defendant filed an answer on January 23, 2025. Dkt. 11. As such, Plaintiff cannot amend his

20  Complaint pursuant to Rule 15(a)(1). To amend his Complaint, Plaintiff must have

21  Defendant's written consent or the Court's leave. *See* Fed.R.Civ.P. 15(a)(2).

22  Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given

23  when justice so requires." "Rule 15(a) is very liberal and leave to amend 'shall be freely given

24

ORDER ON MISCELANEOUS MOTIONS - 3

when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, leave to amend "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990). When determining whether to grant leave to amend, the Court considers five factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

      Defendant Steiner, the sole defendant named in this case, has not filed a response to Plaintiff's request for leave to amend. Pursuant to Local Civil Rule 7(b)(2), "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." As Defendant Steiner has not filed a response, the Court considers this failure an admission that the request for leave to amend is meritorious. Additionally, Plaintiff should have an opportunity to pursue claims against the second officer involved in the use of force event giving rise to this litigation. Accordingly, Plaintiff's Motion to Amend (Dkt. 31) is granted. Plaintiff's proposed amended complaint (Dkt. 31-1) is hereby deemed filed as Plaintiff's Amended Complaint.

      **III.**    **Motion for Summary Judgment (Dkt. 24)**

      Defendant Steiner filed a Motion for Summary Judgment seeking summary judgment based on the allegations in the Complaint. Dkt. 24. An amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The original complaint is "treated thereafter as non-existent." *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). The Motion for Summary Judgment attacks the Complaint, which is now "non-existent."

Accordingly, the Motion for Summary Judgment (Dkt. 24) is denied as moot;[1] however, Defendant Steiner is allowed to re-file a dispositive motion based on the allegations contained in the Amended Complaint. *See Bacon v. Reyes*, 2013 WL 3893254 (D. Nev. July 26, 2013) (denying motion for summary judgment as moot based on the filing of an amended complaint); *Nelson v. City of Los Angeles*, 2015 WL 1931714, *22 (C.D. Cal. Apr. 28, 2015) (recommending summary judgment motions be denied without prejudice to their reassertion after the plaintiff was given leave to amend because the motions for summary judgment were based on the original complaint); *Farkas v. Gedney*, 2014 WL 5782788, *3 (D. Nev. Nov.6, 2014) ("[B]ecause granting [plaintiff's] motion for leave to amend will alter the scope of defendants' now-filed motion for summary judgment, defendants' motion for summary judgment is denied without prejudice, subject to re-filing based on the scope of the soon-to-be amended complaint.").

### IV.    Conclusion

For the above stated reasons, Plaintiff's Motion for Court-Appointed Counsel (Dkt. 30) is denied and Plaintiff's Motion to Amend (Dkt. 31) is granted. Defendant Steiner's Motion for Summary Judgment (Dkt. 24) is denied as moot. The parties are directed to meet and confer and file a status report regarding Plaintiff's discovery concerns no later than May 30, 2025. The Clerk is directed to separately docket Plaintiff's proposed amended complaint (Dkt. 31-1) as Plaintiff's Amended Complaint.

Dated this 6th day of May, 2025.

David W. Christel
United States Magistrate Judge

---

[1] As the Court is denying the Motion for Summary Judgment without prejudice and with leave to re-file, the Court finds this matter is non-dispositive. Therefore, in the interest of judicial efficiency, the Court enters an order denying the Motion for Summary Judgment.