UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PALETI ANIKESI VENIALE,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SAMUEL STEINER, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 2:24-CV-1623-JHC-DWC<br><br>ORDER DIRECTING SUPPLEMENTAL BRIEFING |

　　　　Plaintiff Paleti Anikesi Veniale filed this action under 42 U.S.C. § 1983 on September 11, 2024. Dkt. 1. Plaintiff alleges Defendants Samuel Steiner, Aaron Rankin, and the Kent Police Department violated his constitutional rights when arresting Plaintiff. *See* Dkt. 34. In relevant part, Plaintiff alleges Defendants Steiner and Rankin used excessive force because they tazed and shot Plaintiff while arresting him. *Id*. On July 24, 2025, Defendants filed a Motion for Summary Judgment. Dkt. 54. In the Motion, Defendants state Plaintiff was charged with first degree assault on Defendant Rankin "based on the conclusion that [Plaintiff] had clearly attempted to

ORDER DIRECTING SUPPLEMENTAL
BRIEFING - 1

stab, and presumably kill, [Defendant] Rankin." *Id*. at 7 (quotations omitted); *see also* Dkt. 55 at 102-09.[1] Based on the record before the Court, the charges are still pending. *See* Dkt. 54.

In *Younger v. Harris,* 401 U.S. 37, (1971), the Supreme Court "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings." *H.C. v. Koppel,* 203 F.3d 610, 613 (9th Cir. 2000) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n.,* 457 U.S. 423, 431 (1982)). "Abstention is required when: (i) the state proceedings are ongoing; (ii) the proceedings implicate important state interests; and (iii) the state proceedings provide an adequate opportunity to raise federal questions." *Meredith v. Oregon,* 321 F.3d 807, 816 (9th Cir. 2003).

Here, based on the record, Plaintiff's state criminal proceedings are ongoing and implicate important state interests. It also appears the Court's decision on Plaintiff's excessive force claims in this case may interfere with the pending state judicial proceedings. Therefore, the parties are directed to provide supplemental briefing on whether this matter should be stayed while Plaintiff completes his state judicial proceedings.

The supplemental briefing shall conform to the following briefing schedule:

Defendants are directed to file a supplemental brief that does not exceed seven (7) pages addressing the *Younger* issue on or before September 12, 2025;

Plaintiff is directed to file a response to Defendants' supplemental brief that does not exceed (7) pages that responds to only the issues raised in the supplemental brief on or before October 10, 2025;

---

[1] Plaintiff has also been charged with first degree murder for a crime he allegedly committed that led to his apprehension. *See* Dkt. 54.

ORDER DIRECTING SUPPLEMENTAL
BRIEFING - 2

1   Defendants may file a reply to Plaintiff's response that does not exceed four (4) pages on
2   or before October 24, 2025.
3   The Clerk's Office is directed to re-note the Motion for Summary Judgment (Dkt. 54) to
4   October 24, 2025.
5   Dated this 22nd day of August, 2025.

David W. Christel
United States Magistrate Judge

ORDER DIRECTING SUPPLEMENTAL
BRIEFING - 3