1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PALETI ANIKESI VENIALE,

　　　　　　　　Plaintiff,

　　v.

SAMUEL STEINER, et al.,

　　　　　　　　Defendants.

CASE NO. 2:24-CV-1623-JHC-DWC

REPORT AND RECOMMENDATION

Noting Date: December 1, 2025

    Plaintiff Paleti Anikesi Veniale filed this action under 42 U.S.C. § 1983 on September 11, 2024. Dkt. 1. On July 24, 2025, Defendants Samuel Steiner, Aaron Rankin, and the Kent Police Department filed a Motion for Summary Judgment. Dkt. 54. The Court reviewed the Motion and determined additional briefing was necessary regarding whether *Younger* abstention applied in this case. *See* Dkt. 60. The parties provided supplemental briefing. Dkts. 62, 63. The Court has considered the relevant record and recommends Defendants' Motion for Summary Judgment be granted-in-part and denied-in-part. The Court finds Plaintiff's Fourth Amendment excessive force and negligence claims should be stayed pending resolution of Plaintiff's state criminal

1  matter and all other claims should be dismissed. The Court also denies Plaintiff's motion to

2  amend his response to the summary judgment motion (Dkt. 64).

3  **I.    Background**

4          Plaintiff alleges Defendants Samuel Steiner, Aaron Rankin, and the Kent Police

5  Department violated his constitutional rights. *See* Dkt. 34. Plaintiff's claims arise out of

6  Defendants Steiner's and Rankin's alleged use of excessive force when they tased and shot

7  Plaintiff while arresting him. *Id*.

8          On July 24, 2025, Defendants filed a Motion for Summary Judgment. Dkt. 54. In the

9  Motion, Defendants state Plaintiff was charged with first degree assault on Defendant Rankin

10 "based on the conclusion that [Plaintiff] had clearly attempted to stab, and presumably kill,

11 [Defendant] Rankin." *Id*. at 7 (quotations omitted); *see also* Dkt. 55 at 102-09.[1] Based on the

12 record before the Court, the charges against Plaintiff are still pending. *See* Dkt. 54.

13         On August 22, 2025, the Court directed the parties to file supplemental briefing on

14 whether *Younger* abstention applied to this case and whether this matter should be stayed. Dkt.

15 60. Defendants filed their response on September 12, 2025. Dkt. 62. Plaintiff filed a response to

16 Defendants' response on September 24, 2025. Dkt. 63. Defendants did not file a reply.

17         Plaintiff also filed a motion to amend on September 24, 2025, requesting permission to

18 amend his response to Defendants' Motion for Summary Judgment. Dkt. 64.

19 **II.    Motion to Amend Response (Dkt. 64)**

20         Plaintiff filed a Motion to Amend his response to Defendants' Motion for Summary

21 Judgment. Dkt. 64. In the Motion, Plaintiff requests leave to attach several of Defendants'

22

23         _____

24         [1] Plaintiff has also been charged with first degree murder for a crime he allegedly committed that led to his apprehension. *See* Dkt. 54.

exhibits to his response to the Motion for Summary Judgment. Dkt. 64. The Court will consider all the exhibits submitted by Defendants in considering the Motion for Summary Judgment. Therefore, Plaintiff's Motion to Amend (Dkt. 64) is denied as moot.

### III.    Standard of Review

Summary judgment is proper only if the pleadings, discovery, and disclosure materials on file, and any affidavits, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

### IV.    Discussion

In the Motion for Summary Judgment, Defendants assert Plaintiff's First Amendment, Second Amendment, Fourth Amendment, Eighth Amendment, and negligence claims fail. Dkt. 54. Defendants also assert Kent Police Department is an improper defendant and Defendants are entitled to qualified immunity. *Id.*

A.  *Kent Police Department*

Defendants assert that the Kent Police Department is not a proper defendant. Dkt. 54. Defendant Kent Police Department is not a legal entity capable of being sued under § 1983. Rather, the municipality—the City of Kent—would be the proper defendant. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). As the Kent Police Department is not a legal entity capable of being sued, the Court recommends granting Defendants' Motion for Summary Judgment (Dkt. 54) as to the claims against the Kent Police Department.

The Court notes that leave to amend is not warranted. To set forth a claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Monell*, 436 U.S. at 690-91. A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992). Plaintiff has not named the City of Kent as a defendant and has also not alleged facts demonstrating the City of Kent would be liable. *See* Dkt. 34. Therefore, the Court finds any leave to amend the Amended Complaint to name the City of Kent is not warranted.

B.  *First, Second, and Eighth Amendment Claims*

In the Amended Complaint, Plaintiff alleges his First, Second, and Eighth Amendment rights were violated. Dkt. 34. Specifically, Plaintiff alleges his First Amendment right to freedom of speech was violated because "the police" shot Plaintiff without warning after he pleaded with them not to shoot him. *Id.* at 8. Plaintiff alleges his Second Amendment right to bear arms was violated when Defendants Steiner and Rankin shot Plaintiff when he was carrying a legal knife.

1  *Id*. at 7. Finally, Plaintiff asserts the arrest and use of force violated Plaintiff's Eighth

2  Amendment rights because it placed him in a dangerous situation and caused him injuries. *Id*. at

3  11.

4         Plaintiff's First, Second, and Eighth Amendment claims all arise from the alleged

5  excessive force used during Plaintiff's arrest. Further, his claims are non-sensical. As the factual

6  allegations related to Plaintiff's First, Second, and Eighth Amendment claims are assertions that

7  the force used was excessive and are included in his Fourth Amendment claim, the Court finds

8  Plaintiff's First, Second, and Eighth Amendment claims should be dismissed. Accordingly, the

9  Court recommends Defendants' Motion for Summary Judgment (Dkt. 54) be granted as to

10  Plaintiff's First, Second, and Eighth Amendment claims.

11         C.  *Fourth Amendment Excessive Force Claims*

12         Plaintiff alleges Defendants Steiner and Rankin violated his Fourth Amendment rights

13  when they tased and shot Plaintiff while arresting him. Dkt. 34.

14         Before addressing the arguments raised in Defendants' Motion for Summary Judgment,

15  the Court will determine if *Younger* abstention is appropriate.[2] In *Younger v. Harris,* 401 U.S.

16  37, (1971), the Supreme Court "espouse[d] a strong federal policy against federal-court

17  interference with pending state judicial proceedings." *H.C. v. Koppel,* 203 F.3d 610, 613 (9th

18  Cir. 2000) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n.,* 457 U.S. 423,

19  431 (1982)). When there is a parallel, pending state criminal proceeding, federal courts must

20  refrain from enjoining the state prosecution." *Sprint Communications, Inc. v. Jacobs*, 571 U.S.

21

22         [2] "Federal courts may sua sponte consider whether abstention is warranted at any stage of the litigation."
   *Citizens for Free Speech, LLC v. Cnty. of Alameda*, 338 F. Supp. 3d 995, 1002 n.6 (N.D. Cal. 2018), *aff'd*, 953 F.3d
23  655 (9th Cir. 2020) (citing *Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976); *H.C. ex rel. Gordon v. Koppel*, 203
   F.3d 610, 613 (9th Cir. 2000)). Here, the parties did not raise *Younger* abstention; however, the Court allowed the
24  parties to submit supplemental briefing on the issue. Dkts. 60, 62, 63.

REPORT AND RECOMMENDATION - 5

69, 72, (2013). *Younger* abstention "remains an extraordinary and narrow exception to the general rule" obligating federal courts to decide federal questions that have been presented to them. *Cook v. Harding*, 879 F.3d 1035, 1038 (9th Cir. 2018) (quoting *Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 727 (9th Cir. 2017) (internal quotation marks omitted)).

As the Ninth Circuit has explained, "*Younger* principles apply in an action for damages pursuant to 42 U.S.C. § 1983 in which the federal plaintiff brings a constitutional challenge to a state proceeding when that proceeding is ongoing; the state proceeding is of a judicial nature, implicating important state interests; and the federal plaintiff is not barred from litigating his federal constitutional issues in that proceeding." *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (en banc). *Younger* prohibits federal courts from directly enjoining state prosecutions, 401 U.S. at 45, and also from substantially interfering with ongoing state prosecutions by entertaining claims that seek to enforce the rights of the criminal defendant in the state forum. *See Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) (per curiam).

As such, *Younger* abstention is appropriate if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief either seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding. *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018). All four elements must be satisfied to warrant abstention. *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th Cir. 2007). Absent abstention, the decision whether to stay proceedings is within the court's discretion. *See Securities & Exchange Comm'n. v. Dresser Indus.*, 628 F.2d 1368, 1376 (9th Cir. 1980) (citing *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)).

1    Defendants argue Plaintiff's civil claims are independent of his state criminal charge and,

2 thus, *Younger* does not apply and is inappropriate in this case. Dkt. 62.

3    Here, there is no dispute the first and second elements of *Younger* abstention are met.

4 Plaintiff's state criminal proceedings are ongoing and implicate important state interests.

5 Elements three and four require a more detailed examination of the specific facts of this case.

6    In the Amended Complaint, Plaintiff alleges he was chased and cornered by Defendants

7 Steiner and Rankin, who were armed. Dkt. 34 at 10. He states he was placed in danger because

8 he was holding a legal knife in a defensive position. *Id*. Plaintiff asserts he was tased by

9 Defendant Rankin and shot by Defendant Stiener without warning. *Id*. Evidence shows Plaintiff

10 has been charged with assault in the first degree in the state courts. Dkt. 55 at 102. Specifically,

11 the first amended information states Plaintiff, with intent to inflict great bodily harm, did assault

12 Defendant Rankin with a deadly weapon and force and means likely to produce great bodily

13 harm or death by attacking him with a knife. *Id*. This charge appears to still be pending.

14    In Washington, self-defense is available in an assault situation. *State v. Mierz*, 127 Wash.

15 2d 460, 478 n.12 (1995). "[T]he use of force upon or toward a law enforcement officer is only

16 lawful when ... used by a person who is *actually about to be seriously injured*." *State v. Riojas*,

17 184 Wash. App. 1013 (2014) (internal quotations omitted). Here, Plaintiff alleges Defendants

18 Steiner and Rankin tased and shot him; thus, he alleges he was about to be and was seriously

19 injured. Dkt. 34. Plaintiff contends he was legally carrying the knife. *Id*. Plaintiff also asserts he

20 told the officers not to shoot and attempted to surrender, but the officers ignored him. *Id*. Based

21 on the facts before this Court, Plaintiff may assert a defense of self-defense in response to the

22 first-degree assault charges.

23

24

REPORT AND RECOMMENDATION - 7

1    There are no allegations of force used independent of the arrest. The record reflects that

2    the factual bases for Plaintiff's Fourth Amendment excessive force claim and for the criminal

3    assault charge "do not merely overlap, they amount to two opposing versions of the same set of

4    facts and circumstances." *Vicari v. Jackson*, 2022 WL 1433524, at *3 (E.D. Cal. Apr. 13, 2022).

5    In order to prevail on his Fourth Amendment claim, Plaintiff must ultimately prove that

6    Defendant Rankin used a degree of force that was objectively unreasonable in light of all the

7    facts and circumstances. *See Tennessee v. Garner*, 471 U.S. 1, 7-8 (1985). And, in his criminal

8    proceedings, Plaintiff is "free to argue . . . that the arrest was unlawful, or that his arrestor used

9    excessive force. If the arrest turns out to be unlawful, then [Plaintiff] has a defense that he

10   resisted the arrest with reasonable force proportionate to the injury about to be received." *State v.*

11   *Belleman*, 70 Wash. App. 778, 783 (1993) (internal citations omitted). Accordingly, the Court

12   finds adjudication of Plaintiff's § 1983 claim could necessarily usurp fact-finding that is essential

13   to the pending state proceeding. "Such interference would have the practical effect of enjoining

14   the prosecution." *Vicari*, 2022 WL 1433524 at *3.

15      The Court finds Defendants' arguments that *Younger* abstention is inappropriate to be

16   overbroad and unpersuasive. First, Defendants argue that Plaintiff's federal claims are

17   independent of the pending criminal charges. Dkt. 62. While elements of Plaintiff's federal

18   claims and the pending criminal charges are different, as discussed above, the bases for both

19   cases arise out of the same set of facts and the elements of federal case and state case rely on

20   consideration of each parties' version of those facts. Further, a decision that the officer's force

21   during the arrest was reasonable could impact the assault charge arising from Plaintiff's conduct

22   during the arrest. Therefore, the Court finds Defendants have not shown *Younger* abstention is

23   inappropriate in this case. Rather, abstention is warranted. *See Vicari*, 2022 WL 1433524 at *3

24

(finding *Younger* abstention appropriate where the Court's decision in a civil rights excessive force case would interfere with the state court criminal proceeding related to the arrest and have the practical effect of enjoining the prosecution); *Jones v. County of Contra Costa*, 2014 WL 1411205, at *3 (N.D. Cal. Apr. 11, 2014) ("Any ruling by this Court would ... necessarily intrude on the state criminal matter also seeking to pass judgment on [plaintiff's] resistance [during an arrest]"); *Stoddard-Nunez v. City of Hayward*, 2013 WL 6776189, at *4 (N.D. Cal. Dec. 23, 2013) (finding *Younger* abstention when charges of assault with a deadly weapon against an officer were pending in state court).

Even if *Younger* did not require abstention, the Court finds a stay of this action is appropriate. A court may decide in its discretion to stay a civil proceeding pending the outcome of criminal proceedings when the interests of justice seem to require such action. *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). When determining whether to stay a civil proceeding when there is a parallel criminal proceeding, the Court must look to the particular circumstances and competing interests involved in the case. *Id*. The Court "should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." *Id*. at 325.

Here, the Court finds the criminal proceedings and this civil action depend on two opposing versions of the same set of facts and circumstances. Further, the outcome of the criminal action could impact this case. For example, there is a potential that Plaintiff's excessive

force claim could be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) if he is found guilty of first-degree assault. While Defendants have filed a motion for summary judgment, the Court finds any delay in this case proceeding is not outweighed by the need to use judicial resources efficiently. At this time, Plaintiff has returned to King County Jail and is proceeding in his criminal matter. The Court has considered the factors and finds the interests of justice and judicial efficiency warrant staying this civil proceeding until Plaintiff's state criminal proceeding has resolved.

As the Court finds Plaintiff's Fourth Amendment excessive force claim should be stayed, the Court declines to consider Defendants' remaining summary judgment arguments as to these claims and recommends Defendants' Motion for Summary Judgment (Dkt. 54) be denied without prejudice as to this claim.

D. *Negligence Claim*

In the Amended Complaint, Plaintiff alleges Defendant Steiner was negligent when he used deadly force after Plaintiff tried to comply with the officers' orders to surrender. Dkt. 34, 11-12. As the Court finds Plaintiff's excessive force claim should be stayed, the Court also finds the negligence claim should be stayed. The Fourth Amendment excessive force claim and the negligence claim arise out of the same facts and circumstances. The Court finds the interests of justice, judicial efficiency, and judicial economy require the Court to stay the negligence claim. Therefore, the Court recommends Defendants' Motion for Summary Judgment (Dkt. 54) be denied without prejudice as to the negligence claim.

**V.    Conclusion**

In conclusion, Plaintiff has failed to state a claim against Defendant Kent Police Department and has failed to state First, Second, and Eighth Amendment claims. Plaintiff's

Fourth Amendment excessive force and negligence claims should be stayed under *Younger* and this Court's inherent authority to stay matters. Accordingly, the undersigned recommends Defendants' Motion for Summary Judgment (Dkt. 54) be GRANTED-IN-PART and DENIED-IN-PART. The Court recommends the Kent Police Department and Plaintiff's First, Second, and Eighth Amendment claims be dismissed. The Court recommends Plaintiff's Fourth Amendment and negligence claims remain pending and this matter be stayed as to those two claims while Plaintiff's state criminal matter remains pending. Plaintiff's Motion to Amend (Dkt. 64) is denied as moot.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 1, 2025**.

Dated this 10th day of November, 2025.

David W. Christel
United States Magistrate Judge